THE STATE, REBECCA ESTELL AND ANNA M. I. ESTELL, PROSECUTORS, v. HAWKENS, COLLECTOR.

1. Under a warrant for the sale of goods and chattels issued for the collection of unpaid taxes, the collector cannot advertise the sale of lands of delinquent taxpayers. Any interference with lands by virtue of its commands is unwarranted and may be disregarded. The advertising of lands under such warrant will not, however, render the warrant void or illegal.

2. Particularity of description sufficient to identify lands or to ascertain the location or extent thereof is not essential to the validity of a tax on lands. It is required in the duplicate warrant to sell, and notices of sale, only when the lien upon lands for taxes given by the statute is intended to be enforced by sale.

3. Where there is a complaint of over-valuation of lands for taxation the presumption is in favor of the correctness of the estimation made by assessor, and before a tax can be disturbed on that ground the burthen is put on the objector to show by his proofs a clear error in such estimation.

On *certiorari* to review tax.

The prosecutors were returned by the collector of Weymouth township, Atlantic county, in December, 1885, as delinquent taxpayers. They were in arrears for taxes levied upon their real estate in said township for the years 1884 and 1885. A tax warrant was regularly issued to the collector, commanding him to make their taxes by sale of their goods and chattels. This warrant was returned to the justice who issued it, with the taxes uncollected, and on August 28th, 1886, an *alias* tax warrant was issued by the justice to the collector, again commanding him to make the tax by distress and

sale of delinquents' personal property. Another warrant was issued on August 17th, 1886, commanding the tax to be made by a sale of the lands. On October 21st, 1886, the collector, with the warrants of August 17th and August 28th in his hands, advertised to sell the lands and real estate of the prosecutors under the warrant of August 28th, 1886. The description of lands in the notice of sale was the same as that contained in the assessor's duplicate, namely : " Etna Tract, farm at Estellville, the homestead farm where they lived and meadow on Middle river." Before the date fixed in the notice for the sale this writ of *certiorari* issued.

Argued at June Term, 1887, before Justices DEPUE, KNAPP and MAGIE.

For the prosecutors, *Leaming & Black.*

*Contra, J. E. P. Abbott.*

The opinion of the court was delivered by

KNAPP, J. This writ removes into this court the taxes assessed against the prosecutors for the years 1884 and 1885.

By an amendment to the writ the warrants issued for the collection of these taxes were brought in.

Of the several reasons assigned for holding the taxes and proceedings for their collection to be invalid, three only are relied upon by the prosecutors. The first is, " Because the tax warrant issued on the 28th day of August, 1886, under which warrant the land of the prosecutors was advertised to be sold, was illegal and void." The warrant thus objected to was an *alias* tax warrant issued by a justice of the peace upon the return of the original, with the names of taxpayers whose assessments had not been collected under such original, among whom the prosecutors were included. It was therefore within the power of the justice, and it was made his duty on such return to issue an *alias* warrant to enforce payment of the taxes which the first had failed to secure. The supplements

of April 1st, 1868, and March 24th, 1869, to the act concerning taxes (*Rev.*, *p.* 1161), are authority for such official action of the justice, and the precept issued by him in substance and form appears to be in strict compliance with legal requirement. We fail to see any ground for holding it to be illegal. The special complaint urged under this reason was that the defendant, to whom the *alias* warrant was directed for execution, had, without any authority in the warrants so to do, advertised to sell the lands of the prosecutors for their unpaid taxes. It is entirely manifest that such action on his part could have no countenance under a precept for the sale of goods and chattels. Any interference with prosecutors' lands in virtue of its command to the defendant was entirely unwarranted, and the prosecutors might have wholly disregarded his action. But it is equally plain that such proceeding on his part could not render the warrant void or illegal.

The second reason relied upon complains "that the description of the prosecutors' lands in the warrant of August 28th, 1886, and in the collector's notice of sale, was insufficient to identify the land or to ascertain the location or extent thereof." The particularity in description indicated in this reason, is not essential to the validity of a tax on lands. It is required in the duplicate warrant to sell, and notices of sale, only when the lien upon lands for taxes given by the statute is intended to be enforced by sale. *Pfeiffer* v. *Miles*, 19 *Vroom* 450.

No description of lands is required in a warrant like this to make taxes by distress and sale of personal property. In the warrant complained of no description whatever of the lands of the prosecutors, or others, is to be found. From what has been already said of the notice of sale, its contents will appear to be of little consequence. The terms in which the prosecutors' lands are described in the duplicate fully suffices to maintain the tax, and, although attention is called to the fact that the same description runs into the warrant of August 17th, 1886, to sell lands, we are not called upon to determine the sufficiency of description for that purpose. It does not appear

that any steps had been taken to sell under that warrant, and no reason is directed against its legality.

If the question were before us of the sufficiency of the description in the duplicate and warrant for the sale of lands, and such descriptions were considered as not possessing that definiteness required by the tax law, it is now clearly settled that this court may amend the description so as to bring it into compliance with the law. *Conover* v. *Honce,* 17 *Vroom* 347.

The prosecutors, although not raising the question by their reasons, have, nevertheless, by bringing the assessment here, made it apparent that the design of the authorities in assessing this tax was to make it a lien upon the lands. Although no amendment is made necessary to meet any objections of the prosecutors, the assessment is so far brought within the power of the court that if doubt exists as to sufficiency of description, it may hear on the part of the respondent an application to make any desired amendment. *Pfeiffer* v. *Miles, supra.*

The last reason relied upon is that the lands are over-valued for taxation.

In this line of fact the presumption is in favor of the correctness of the estimation made by the assessor, the sworn officer, and before a tax can be disturbed on the ground alleged, the burthen is put upon the objector to show by his proofs a clear error in such estimation.

When the testimony does not decidedly bear against the correctness of the assessor's action, the court cannot disturb it.

The prosecutors were assessed for ten thousand six hundred and eighteen acres of land. It consisted of twenty-eight different tracts, some wooded, some meadow, and swamp lands. It embraced the homestead of the prosecutors of about seventy acres in extent, upon which was a stone mansion of large size, and several out-buildings for laborers. There was also a saw-mill and water power included. Some of the land doubtless had very little value. The valuation placed upon the entire property by the assessor was $14,000, or an average of about $1.30 per acre.

While it seems almost incredible that in any township in the state that quantity of lands, of so varied a character as this appears to be, should be worth so little; yet the testimony on the part of the prosecutors inclines to a lower valuation than that adopted by the assessor. But we think that upon a careful examination of all the testimony taken we are not justified in concluding that an error was made by him to the prejudice of the prosecutors. A comparison of the testimony of the various witnesses will show estimations upon the entire property, ranging from about $10,500 as the lowest, to about $22,000 as the highest.

From so wide a diversity of opinion among experts as is thus indicated, it would seem impossible to conclude that the estimate of the assessor was above its true value. There is evidence in the case too persuasive to be overlooked that the prosecutors, before the assessment was made, had either given to the assessor, or assented to an estimate of values beyond that which he ultimately placed the property at in the duplicate. The evidence has failed to satify us of over taxation.

The tax should be affirmed, but because of the vexation to prosecutors in advertising their lands for sale, under the tax warrant against their goods, costs should be denied.