DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPLICATION OF THE CITY OF JERSEY CITY FOR THE RECLASSIFICATION OF CERTAIN PROPERTY OF THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, FOR THE YEARS 1945 AND 1946.

Decided October 28, 1947.

For the City of Jersey City, *Joseph C. Glavin.*

For the Central Railroad Company of New Jersey, *William F. Hanlon.*

For the State of New Jersey, *Benjamin M. Taub,* Assistant Attorney-General.

FRANKENBACH, COMMISSIONER. These are appeals for 1945 and 1946 brought by the City of Jersey City to have the Phillip Street, Lafayette, Jersey Avenue and Henderson Street branches of the Central Railroad Company of New Jersey, together with a connection from the Newark and New York branch to the main line of Central, said connection being known as the Y connection, reclassified from Class I (main stem) assessment and assessed as Class II railroad property in railroad use but not main stem, and to have certain main stem lands, properly assessed as such, which lands are now assessed for a width of 100 feet, contracted to a lesser width for assessment purposes. Affected by the second por-

tion of each appeal are the Newark and New York branch of Central and a portion of the main line consisting of a section starting east of Communipaw Avenue and running westerly to about Chapel Avenue, Jersey City. The appeals for both years were tried together.

Hundreds of pages of testimony were taken and numerous exhibits were introduced at the hearings, and by stipulation testimony taken in a similar appeal by Jersey City with respect to the 1943 assessment of the properties affected by this appeal was made a part of this record. Some of the stipulated testimony in the 1943 appeal included depositions taken in the Supreme Court by Jersey City with respect to the 1942 assessment of these properties.

The pertinent portions of the statute controlling the assessment by the Director of the Division of Taxation (formerly State Tax Commissioner) of main stem lands as to classification, said statute being *R. S.* 54:29A–17; *N. J. S. A.* 54:29A–17, are:

"On or before November first in each year the Commissioner shall determine the true value, as of the preceding January first, of all property used for railroad purposes in this State. He shall, in such determination, ascertain values according to the following classes:

"I. The length and value of the main stem of each railroad, and the length of such main stem in each taxing district;

"II. The value of the other real estate used for railroad purposes in each taxing district in this State, including the roadbed (other than main stem), tracks, buildings, water tanks, riparian rights, docks, wharves, and piers, and all other real estate, except lands not used for railroad purposes."

The definition of main stem, as set forth in the statute, *R. S.* 54:29A–2; *N. J. S. A.* 54:29A–2, reads:

" 'Main stem' of a railroad means the roadbed not exceeding one hundred feet in width, with its rails and sleepers, and all structures erected thereon and used in connection therewith, not including passenger or freight buildings erected thereon."

Addressing ourselves in the first instance to both aspects of the instant appeals as a single problem, we are frank to admit

that we feel bound by the decision of the New Jersey Supreme Court with respect to the very questions placed before us.

It will be noted that part of the record produced before the Division of Tax Appeals includes depositions taken before the New Jersey Supreme Court in a similar appeal affecting these properties for the 1942 assessment.

In disposing of these questions in the 1942 appeal, the Supreme Court stated, in *State* v. *State Board of Tax Appeals*, 134 *N. J. L.* 34; 45 *Atl. Rep.* (*2d*) 599:

"Various branches are involved. Our careful examination of the testimony and exhibits satisfies us that hereto the method employed by the Commissioner and the result reached by him are correct, save in one particular. It was frankly admitted by Mr. Focht that in some instances (main stem) as assessed or valued exceeded the statutory width limited to one hundred feet."

This decision of the Supreme Court was affirmed by the Court of Errors and Appeals, 135 *N. J. L.* 481; 52 *Atl. Rep.* (*2d*) 852.

The Division is bound by the pronouncements of the Supreme Court in *Central Railroad Company of New Jersey* v. *J. H. Thayer Martin*, 114 *N. J. L.* 69; 175 *Atl. Rep.* 637, and as the New Jersey Supreme Court has spoken on these very issues, we have no alternative, the testimony being substantially the same in the record, but to follow the decision and determination of that higher tribunal.

However, even if there was not this prior decision of the Supreme Court in the 1942 case to follow, and we were to determine the issues before us on the record and on our independent judgment, we would arrive at a like result.

There is at all times a presumption in favor of the correctness of an assessment. As stated in *Estell* v. *Hawkins*, 50 *N. J. L.* 122; 11 *Atl. Rep.* 265:

"The presumption is in favor of the correctness of the estimation made by the assessor, the sworn officer, and before a tax can be disturbed on the ground alleged, the burden is put upon the objector to show by his proofs a clear error in such estimation.

"When the testimony does not decidedly bear against the

correctness of the assessor's action, the court cannot disturb it."

The foregoing was quoted with approval in *Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *N. J. L.* 5; 169 *Atl. Rep.* 489, where the court expressed in the following language what it considered to be the proper type of testimony to overcome this presumption:

"But was the testimony in the instant case sufficiently definite, positive or certain in quality or quantity to overcome the presumption of the correctness of the assessment made?"

More than this usual presumption of correctness, however, attaches to the assessments with respect to which these appeals were taken. We must here consider that the Director (formerly State Tax Commissioner) has the legislative authority to use his personal knowledge and judgment under the provisions of *R. S.* 54:29A–67; *N. J. S. A.* 54:29A–67, which reads:

"The commissioner shall be entitled to use his personal knowledge and judgment as to the value of any property which he is required to assess, upon original assessment or upon review thereof."

So we must here consider not only that the assessment carries with it the usual legal presumption of correctness but also that we should not and cannot disturb the assessment, because of this statutory grant given the Director, except for "palpable error," as that has been the test applied by the courts in the interpretation of the statute hereinbefore set forth. As was stated in *Central Railroad of New Jersey and another* v. *State Board of Assessors,* 49 *N. J. L.* 1; 7 *Atl. Rep.* 306:

"We do not consider that we have the right to alter or annul any of the proceedings of this body except for palpable error; for it is not to be overlooked that the statute in question expressly declares that the assessors 'shall be entitled to use their personal knowledge and judgment as to the value of the property.'"

Originally the duties now performed by the Director of the Division of Taxation, as far as assessments of railroad properties are concerned, devolved upon the State Board of Assessors, referred to in the foregoing quotation as "this body."

It is significant that in *Central Railroad of New Jersey* v. *State Board of Assessors, supra,* the Supreme Court did not limit the restriction placed upon themselves to the question of valuation only. They considered that they had no right to "alter or annul" except for palpable error "any of the proceedings" of the Board of Tax Assessors.

And the cited decision in the Central Railroad of New Jersey case has been followed in *United New Jersey Railroad and Canal Co.* v. *State Board of Taxes and Assessments,* 100 *N. J. L.* 131; 125 *Atl. Rep.* 335; *Long Dock Co.* v. *State Board of Assessors,* 80 *N. J. L.* 592; 92 *Atl. Rep.* 439, and *Pitney et al.* v. *Kelly,* 21 *N. J. Mis. R.* 405; 34 *Atl. Rep.* (2d) 547.

We view the use of this expression "any of the proceedings" as a mandate that just as we should not disturb a valuation established by the Director "except for palpable error" so also we should not, except for "palpable error," disturb the determination of the Director as to classification of main stem or as to the amount of property determined by him to constitute main stem.

Addressing ourselves to the first aspect of these appeals, that the Director erroneously assessed certain branches as main stem instead of as other real estate used for railroad purposes, we must determine whether or not Jersey City, the appellant, has proved that the Director committed "palpable error" in his determination that these branches met the statutory requirements of *R. S.* 48 :12–24, 25 and 26; *N. J. S. A.* 48 :12–24, 25 and 26, portions of what is commonly known as The Railroad Act. We must look to The Railroad Act, for nowhere in The Railroad Tax Act (chapter 291, laws of 1941; *N. J. S. A.* 54 :29A–1, *et seq.*) is the word "branch" used, although it will be noted that in disposing of the appeal by Jersey City with respect to this question in the 1942 case the Supreme Court, in *State* v. *State Board of Tax Appeals, supra,* used the words: "Various branches are involved."

And the test is the same with respect to the second aspect of these appeals. Assessments were for the entire width of one hundred feet, the maximum allowed by statute. Did Jersey City, the appellant, prove that the Director committed

"palpable error" in assessing this width instead of a lesser width as main stem?

Our answer to these questions is the same in each instance, namely, that the appellant has not carried the burden of proof required of it for us to determine that there was "palpable error" in these determinations of the Director. To use a quotation from the opinion of the Supreme Court in *United New Jersey Railroad and Canal Co.* v. *State Board of Taxes and Assessment et al.*, 101 *N. J. L.* 303; 128 *Atl. Rep.* 427, "The assessments are supported by the evidence." And to further quote from the cited opinion, "We are unable to say" that the testimony adduced by Jersey City "so preponderates as to overcome the judgment of the" Director "and the testimony that supports it."

For the reasons stated the appeals for both years will be dismissed.

Judgments accordingly.