The opinion of the Court was delivered by
KIMMELMAN, J.A.D.
Plaintiff N.Y. Harbor Associates was the owner of property commonly known as 32 Journal Square, Jersey City, for two of the years in issue, 1994 and 1995, and plaintiff 32 Journal Realty was the owner of the property for the years 1996 and 1997. The *604 assessed value of the property is the subject matter of this appeal. For convenience, both owners will be referred to in the singular as plaintiff.
Plaintiff filed four complaints against defendant seeking a reduction in the assessed value of the property for the years 1994, 1995,1996, and 1997. For each of the years in issue, the Board of Taxation had determined that the assessed value of the land and improvements on the property was $1,469,800. All four complaints appealing judgments of the Hudson County Board of Taxation were consolidated for trial in the Tax Court. Pursuant to defendant’s motion made under R. 4:37-2(b), at the conclusion of plaintiff’s case, all four tax appeals were dismissed for the reason that the evidence presented by plaintiff was insufficient to overcome the presumption of correctness of the Hudson County Board of Taxation and the presumption of correctness inherent in the original assessments.
The property is located in the central business district of Jersey City on which there is erected a three-story building containing approximately 9,185 square feet. Although the entire building is leased, only the first or ground floor is occupied by the tenant who operates a delicatessen/restaurant. The second and third floors are not occupied and perhaps, in the absence of some maintenance work, are in an untenantable condition as suggested in the record. The rental produced an annual gross income to plaintiff of approximately $78,000.
On appeal, plaintiff seeks a reversal of the Tax Court judgments of dismissal for the following reasons:
POINT I THE TRIAL COURT MISCONSTRUED ITS ROLE AND IMPROPERLY DISCHARGES ITS DUTIES UNDER RULE 4:37-2(b) BY DISMISSING THE ACTION AT THE END OF PLAINTIFF’S CASE.
POINT II THE EVIDENCE INTRODUCED BY THE PLAINTIFF WAS SUFFICIENT TO DEFEAT DEFENDANT’S MOTION FOR INVOLUNTARY DISMISSAL PURSUANT TO RULE 4:37-2(b).
a. The Trial Court Ignored the Exception To The Rule Regarding The Presumptive Validity of Municipal Assessments Enunciated in Pantasote v. City of Passaic, 100 N.J. 408, 495 A.2d 1308 (1985), Which, If Followed, Would Have Resulted in Denial of Defendant’s Motion Because Sufficient Evidence Was *605 Introduced To Illustrate That The Existing Assessment Was Totally Unrelated To True Value.
b. There Was Sufficient Evidence Before The Trial Court to Overcome The Presumption Of Validity Of The Existing Assessment As To The Three Alleged Deficiencies Identified By The Trial Court.
We start with the principles that govern the outcome of this appeal. As the Supreme Court stated in Pantasote Co. v. City of Passaic, 100 N.J. 408, 495 A.2d 1308 (1985):
On appeal a municipality’s original tax assessment is entitled to a presumption of validity. Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 175 [87 A.2d 425[ (1952); see Rodwood Gardens, Inc. v. Summit, 188 N.J.Super. 34, 38 [455 A.2d 1136] (App.Div.1982). The presumption attaches to the quantum of the tax assessment. Riverview Gardens, supra, 9 N.J. at 174 [87 A.2d 425]. Based on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous. Id. The presumption in favor of the taxing authority can be rebutted only by cogent evidence, Riverview Gardens, 9 N.J. at 175 [87 A.2d 425], a proposition that has been long settled, e.g., Central R.R. Co. of N.J. v. State Tax Dept., 112 N.J.L. 5, 8 [169 A 489] (E. & A.1933); Estell v. Hawkens, 50 N.J.L. 122 [11 A. 265] (Sup.Ct.1887). The strength of the presumption is exemplified by the nature of the evidence that is required to overcome it. That evidence must be “definite, positive and certain in quality and quantity to overcome the presumption.” Aetna Life. Ins. Co. v. Newark, 10 N.J. 99, 105 [89 A.2d 385] (1952).
The Court in Aetna Life Ins. Co. explained the presumption in favor of an assessment and set forth the standard for the review of tax assessments.
The settled rule is that there is a presumption that an assessment made by the proper authority is correct and the burden of proof is on the taxpayer to show otherwise. L. Bamberger & Co. v. Division of Tax Appeals, [1 N.J. 151, 62 A.2d 389 (1948).]. And the taxpayer has not met this burden unless he has presented the appellate tribunal with sufficient competent evidence to overcome the presumption, that is, to establish a true valuation of the property at variance with the assessment. Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 175 [87 A.2d 425] (1952). In other words, it is not sufficient for the taxpayer merely to introduce evidence: the presumption stands until sufficient competent evidence is adduced to prove a true valuation different from the assessment. Such evidence must be definite, positive and certain in quality and quantity to overcome the presumption. Central R.R. Co. of N.J. v. State Tax Dept., 112 N.J.L. 5, 8 [169 A. 489] (E. & A.1933). [10 N.J. at 105, 89 A.2d 385].
[100 N.J. at 412-13, 495 A.2d 1308.]
Plaintiffs real estate appraiser was qualified to testify as an expert. He testified as to the contents of an appraisal report which he had helped prepare for his firm. Using a capitalization of income approach, he valued the property between $400,500 to $412,500 for the years 1994,1995, and 1996. No taxable value was submitted for 1997. He testified that he had not personally *606 inspected the upper two floors of the property nor had he inspected any of the comparable properties used in his firm's appraisal report.
Plaintiffs expert opined that the property was “probably not” being used at its highest and best use although the building was currently being used for commercial purposes. His firm’s appraisal report stated that the highest and best use of the property was as a commercial building. However, in his testimony, he backtracked from the report and viewed the highest and best use of the property was to raze the building, combine it with adjoining parcels “and build a new big building.”
While there was but a single tenant for the entire building paying an annual rent of $78,000, only the first floor was occupied. The expert did not value the potential of the second and third floors of the building to produce income as constituent and constructive parts of the building. Based upon the rental income realized from comparable property identified in the expert’s firm’s appraisal report, the rental income of $78,000 related solely to the square footage of the first floor.
Accordingly, the Tax Court was justified in determining that plaintiffs proofs failed to show that the single lease to the tenant who operated the delicatessen/restaurant represented the true economic rent of the entire building. Consequently, the capitalization of income approach utilized by plaintiffs expert was not based upon the true economic rent of the entire building and for that reason was unreliable. Such deficiency in plaintiffs proofs could not begin to overcome the presumptive validity of defendant’s assessed value of the property.
Nevertheless, plaintiff now contends that under Pcmtasote, it was the obligation of the Tax Court independently to determine the true value of the property. 100 N.J. at 417, 495 A.2d 1308. Such is not the Tax Court’s obligation, where, as here, it was clearly found that plaintiff had failed to overcome by cogent evidence the presumptive validity of the municipal assessment. Plaintiffs reliance on Watnong Assocs., Inc. v. Township of Mor *607 ris, 11 N.J. Tax 108 (Tax Ct.1990), aff'd 12 N.J. Tax 252 (App.Div. 1991) is misplaced. In Watnong, the taxpayer was able to adduce evidence of a bona fide arms-length transfer of the property three years prior to the tax year in issue at a consideration but a fraction of the assessed value. Here, plaintiff was unable to adduce evidence of this type. Accordingly, there was no basis for Judge Kuskin to make an independent determination of true value. Pantasote, supra, 100 N.J. at 416, 495 A.2d 1308.
We set forth pertinent portions of Judge Kuskin’s ruling.
[F]or my ruling I want to explain the deficiencies that I find in the case presented by the plaintiff. The first deficiency arises with respect to the question of highest and best use. It is well-settled in the Tax Court that the initial determination which an appraiser must make in valuing property for tax appeal purposes is that relating to highest and best use.
In the ease before me the appraisal was presented, P-1 in evidence, stating that the highest and best use of the subject property is as a commercial building. By the time Mr. Vardi got through testifying I was at the very least confused about that highest and best use, and indeed, his testimony seemed to indicate that he did not regard that as the highest and best use at all. At best his testimony could be characterized as describing the existing use as the highest and best interim use.
Whatever Mr. Vardi’s ultimate conclusion it seems clear that his opinion is that the existing use of the subject property is not its highest and best use in the tax appeal sense. Its highest and best use is either as vacant land to be used for an assemblage or the existing use is perhaps a highest and best interim use with the ultimate highest and best use being demolition of the building and assemblage with other property for construction of a larger office, perhaps with retail, component. However, there was no analysis offered by Mr. Vardi either in his appraisal report or in his testimony with respect to that highest and best use nor was there any testimony presented as to the valuation of the subject properly either for a highest and best use as vacant land for assemblage purposes or with an interim highest and best use as a commercial building with an ultimate highest and best use as assemblage for construction of a larger office building, perhaps with a retail component. I regard this failure to appraise the property in accordance with its highest and best use as in itself sufficient to justify a granting of the defendant’s motion. There were, however, other deficiencies in the plaintiffs case which also either are in themselves sufficient to support the granting of the motion or in combination require the granting of the motion. It is evident to me that the appraisal values only the first floor retail space of the subject property. I draw that conclusion not from a weighing of the evidence but simply by examining the evidence presented. The only evidence as to the fair market rental value of the subject property was the actual lease which covered the entire building for a tenant with apparently occupies and uses only the first floor and 5 or 6 comparable leases all for retail uses____I interpret the comparable lease discussion in the appraisal *608 report, P-1 in evidence, and the testimony as establishing only that $16.22 is a fair market rental for the first floor retail space in the subject properly. It tells me nothing about the second and third floor space. The plaintiffs position is that it’s not necessary to discuss the second and third floor space because that space is unusable. Yet, there is no testimony that anyone on behalf of the plaintiff made any analysis in any detail whatsoever as to the cost of rendering that space usable----It is permissible in appraisal practice to find a highest and best use which requires an investment of capital to achieve.
Therefore, it is inappropriate and a major deficiency in the plaintiffs ease that no value be attributed to the upper floor space. Furthermore, with respect to the income approach. Mr. Vardi testified that it is his view or was his view of the scope of his responsibility in this case to value the property based on the existing lease. That is not tax appeal valuation. Tax appeal valuation requires that property be valued at its highest and best use based upon economic factors, economic rent, economic expenses, economic vacancy factor and economic capitalization rate. There was no testimony of any kind that would support anything relating to economic factors except the testimony I have noted with respect to the rental value of the first floor retail space. This deficiency is another one that in itself would justify the granting of the defendant’s motion.
In an attempt to defeat defendant’s motion for a directed verdict pursuant to R. 4:37-2(b), plaintiff urged that reference be made to the appraisal report intended to be used by defendant in its case in chief. It was plaintiffs contention that defendant’s appraisal report did not support the defendant’s assessed value of $1,469,800 for the property. Plaintiffs attempt to use such appraisal report was properly rejected. The report was not in evidence and had not been used or referred to during plaintiffs case. Under the circumstances, on a motion to dismiss at the conclusion of plaintiffs case, it would be inappropriate for either plaintiff or the court to rely on a document not in evidence. See Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 536, 666 A.2d 146 (1995) (stating that directed verdicts are based on evidence presented during a trial, unlike summary judgment motions which are generally decided on documentary-evidential materials). The competent, definite, positive, and certain evidence required by Pantasote to rebut the presumption of correctness was completely lacking.
In sum, we may not disturb the findings of the Tax Court judge. They were not plainly arbitrary and Judge Kuskin’s decision was clearly justified by plaintiffs lack of cogent evidence. Emmis *609 Broadcasting Corp. v. Borough of East Rutherford, 16 N.J.Tax 29 (App.Div.), certif. denied, 147 N.J. 263, 686 A.2d 764 (1996).
Affirmed.