## BYRD v. STATE.

### Opinion delivered July 13, 1901.

1.  EVIDENCE—RES GESTAE.—Where there was evidence in a murder case that deceased was killed in a quarrel with defendant and his brother, it was error to exclude evidence that defendant's brother struck deceased the first blow given. (Page 538.)

2.  INSTRUCTION—REASONABLE DOUBT—MORAL CERTAINTY.—An instruction that the jury might convict if satisfied "to a moral certainty" of the truth of the charge, and that "a moral certainty" signifies only a very high degree of probability, is erroneous, as the jury might think there was a high degree of probability that the defendant is guilty, and yet think there is reasonable doubt as to his guilt. (Page 538.)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

*A. C. Brewster* and *J. Wythe Walker,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

HUGHES, J.   The appellant was indicted for murder in the first degree, was tried, convicted of voluntary manslaughter, and sentenced to imprisonment at hard labor for seven years in the state penitentiary.   He filed his motion for a new trial, which was overruled, to which he excepted, and appealed to this court.

As the judgment must be reversed for an error in instructing the jury, we will not discuss the testimony in the case further than to say that the following testimony offered by the state was excluded erroneously, as we think.   It occurs in the testimony of A. P. Walker, and is as follows:   "Wm. J. Byrd struck at him [Hayes, the deceased] with his fist."   From the testimony in the case this seems to have been a part of the *res gestae,* and the first blow struck.   George Byrd, the appellant, and Wm. J. Byrd were brothers, were under the influence of liquor, and a quarrel seems to have arisen between them and the deceased, which led finally to the killing of Hayes by George Byrd.   We thought it proper to mention this, as the state has failed to brief the case.

In instructing the jury in the case, defining "reasonable doubt," the court said:   "By 'reasonable doubt' is not intended to be excluded every merely possible doubt.   If, after a careful consideration and comparison of the evidence in the case, you are satisfied to a moral certainty of the truth of the charge, you may convict the defendant.   If you are not satisfied, you should acquit the defendant.   A moral certainty signifies only a very high degree of probability."   This instruction was erroneous, and calculated to lead the jury to believe that a strong probability was sufficient to convict, though they might have a reasonable doubt as to defendant's guilt upon the whole case.   The jury must be satisfied from the evidence, to a moral certainty, that the defendant is guilty, before they can convict; and if they entertain a reasonable doubt as to his guilt, after consideration and comparison of all the evidence in the case, they must acquit.   A high degree of probability is not sufficient; for the jury might think there was a high degree of probability that the defendant is guilty, and yet think there is a reasonable doubt as to his guilt, from the evidence in the

case.   There are many grounds urged in the motion for new trial that we do not think it necessary to notice here.   For the error indicated, the judgment is reversed, and the cause remanded for a new trial.

BATTLE, J., absent.