# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## ROBINSON v. STATE.

### Opinion delivered May 23, 1921.

1. CRIMINAL LAW—EVIDENCE—ADMISSION BY SILENCE.—In a prosecution for rape, resulting in a conviction of assault with intent to commit rape, where the prosecutrix, immediately after the offense was committed, informed her mother she was going to leave home, and her mother replied, "You are no better than your other sister," such statement, though made in defendant's hearing, was not competent as an admission by defendant that he had been guilty of improper conduct with the other sister, as it did not call for denial by him, and was hearsay and incompetent, and its admission constituted error prejudicial to defendant.

2. CRIMINAL LAW—INSTRUCTION AS TO REASONABLE DOUBT.—In a prosecution for rape, an instruction defining reasonable doubt as one on which a person would be willing to act in a matter confronting him in the every-day walks of life, was erroneous, as the definition was broad enough to include the trivial affairs of life, when it should have been limited to the important or grave affairs of life.

3. CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—A general objection to an instruction will reach an inherent defect.

Appeal from Clay Circuit Court, Western District; *R. E. L. Johnson*, Judge; reversed.

*Oliver & Oliver*, for appellant.

1. The great weight of the evidence is contrary to the verdict.

2. The court erred in permitting but two members of the grand jury to testify as to the testimony the prosecutrix gave before that body. 120 Ark. 160-5; 64 *Id.* 121. It was error to limit the number of witnesses, and the error was prejudicial. *Ib*.

3. It was error to permit Laura Harbison to testify as to her statement to her mother and her mother's reply, because (1) it is not shown that the statement was made in appellant's hearing, and (2) the girl had told her mother she ought to make her man leave her alone, and that she was going to leave home. The statement of the mother in reply that she was no better than her other sister impliedly charged that appellant had been guilty of conduct toward the other sister similar to that which the prosecutrix alleges. It was improper to admit this evidence for a witness may not be impeached by evidence of particular wrongful conduct, except that it may be shown by examination of a witness, or a record judgment that he had been convicted of a felony. C. & M. Dig., § 4187; 100 Ark. 324. 91 Ark. 555 is directly in point. A defendant on trial for crime is entitled to offer in defense evidence of his good character. *Ib.;* 76 N. C. 216. If the facts are disputed or proof controverted, that view most favorable to defendant must be taken; and if in such view the incompetent testimony would have a tendency to disparage this controverting evidence, then its admission is prejudicial. 91 Ark. 555-61; 74 *Id.* 489. It was prejudicial error to admit this testimony.

4. It follows that the court erred in giving instruction No. 14.

5. The court erred in refusing to permit defendant to excuse from the jury James Button, one of the jurymen, after he had been accepted by both parties. It was prejudicial. 104 Ark. 606.

6. It was error to give instruction No. 12 on reasonable doubt. 69 Ark. 537.

7. The court erred in refusing to give instruction No. 1, as asked by defendant. It states the law correctly, and no other instruction was given covering the proposition. The defendant is presumed to be innocent, and that presumption follows throughout the entire trial.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1.   There was no error in refusing to permit appellant to call but two members of the grand jury to testify as to what Laura Harkison testified to before that body. 64 Ark. 121-4.   It was a matter within the sound discretion of the court, and no abuse is shown.   64 Ark. 121; 116 *Id.* 30; 42 S. W. 827; note 8, Ann. Cas. 828.

2.   Where no objection is made or exception saved to the admission of evidence in the trial court, the question can not be raised on appeal.   130 Ark. 111.   No objections were made nor exceptions saved to the testimony of Laura Harbison.   129 Ark. 316.

3.   Instruction 14 was a correct statement of the law. Where the accused takes the witness stand in his own behalf, he may be impeached as any other witness.   108 Ark. 316; 114 *Id.* 239.

4.   There was no error in refusing to permit appellant to excuse the juryman, James Button.   It was a matter of cound discretion for the trial court, and no abuse of discretion is shown.   13 Ark. 205.   See, also, 19 Ark. 156; 20 *Id.* 36; 40 *Id.* 515; 134 *Id.* 197.

Objections to a juror must be made before he is sworn and impaneled.   29 Ark. 99.

5.   There is no error in instruction 13 on reasonable doubt.   But, if error, defendant did not request a proper one, and there was no error.   74 Ark. 444; 80 *Id.* 349; 86 *Id.* 456.

6.   There was no error in refusing instruction No. 1. 109 Ark. 516.   Presumption of innocence becomes effective only where there is absence of proof.   8 R. C. L. 170-1.

7.   The verdict is not contrary to the evidence.   The substantial evidence supports it.   135 Ark. 117; 136 *Id.* 385.

Humphreys, J.   Appellant was indicted and tried for rape at the January, 1921, term of the Clay Circuit Court. Western District, Second Division, and convicted

for an assault with intent to commit rape, his punishment being fixed at imprisonment in the State penitentiary for five years. From that judgment is this appeal.

The prosecuting witness is a stepdaughter of appellant, and resided in his home, near Corning, at the time it is alleged the offense was committed. She testified that, on the morning of July 11, 1920, while her mother was milking at the water gap, about 100 yards from the house, appellant forcibly obtained carnal knowledge of her; that, when her mother returned to the house, she was in the kitchen, and appellant in the adjoining room fumbling with a trunk; that there was no door between the two rooms; that her mother asked why the house had not been cleaned, and she answered by saying, "You ought to make your man leave me alone;" that she then informed her mother she was going to leave home, and her mother replied, "You are no better than your other sister." The statement made by Mrs. Robinson to her daughter, near enough for the jury to have found that appellant heard it, was admitted in evidence, over the proper objection and exception of appellant, and appellant now insists that the court committed reversible error in allowing the statement to go to the jury. The statement, standing alone and disconnected from evidence subsequently adduced, did not imply a charge against appellant that he had been guilty of similar conduct toward the other sister. Appellant was not called upon, therefore, to make a denial, even if he heard the statement. The statement was not therefore competent evidence as an admission of appellant that he had been guilty of conduct with the other sister, similar to that now charged against him. The statement, however, was purely hearsay evidence and clearly incompetent on that ground. The admission of it constituted reversible error, if prejudicial to the cause of appellant. We think it clearly prejudicial, when considered in connection with the evidence introduced later, tending to show a sexual intimacy between appellant and the other sister,

Appellant also contends that the court erred in giving instruction No. 12 upon reasonable doubt, which is as follows: "The burden is upon the State to establish its case to your satisfaction beyond a reasonable doubt. This is a wise and sane provision of our law, which is designed in no case to enable any guilty person to escape just punishment, but, on the contrary, to shield and protect the innocent from unjust conviction. It means simply that if, after a consideration of all the facts and circumstances adduced in proof in the case, there naturally arises in your minds a substantial doubt as to the guilt of the defendant, then it will be your duty to acquit him. It is not a far-fetched or chimerical doubt to be conjured up for the purpose of enabling a guilty man to escape just punishment, but a reasonable doubt means a doubt that is reasonable, and one upon which you yourselves would be willing to act in any matter with which you might be confronted in the every-day walks of life." A reasonable doubt is defined in this instruction as one upon which a person would be willing to act in a matter confronting him in the every-day walks of life. This definition is broad enough to include the trivial affairs of life, and, for that reason, is inherently wrong. It should have been limited to the important or grave affairs of life. In trivial affairs of life, one would act upon a high degree of probability, whereas in important or grave affairs he would want to know to a moral certainty before acting. In the case of *Byrd* v. *State,* 69 Ark. 537, this court condemned an instruction which told the jury that "a moral certainty signifies only a high degree of probability;" and further said that "a high degree of probability is not sufficient; for the jury might think there was a high degree of probability that the defendant is guilty, and yet think there is a reasonable doubt as to his guilt from the evidence in the case."

The objection to the instruction was general, but a general objection will reach an inherent defect, such as we find here. The court committed reversible error in thus defining reasonable doubt.

Other assignments of error are insisted upon for reversal, but we deem it unnecessary to discuss them, as some are not well taken, and others will not likely recur upon a new trial.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.