January 27, 1939

Honorable D. Richard Voges
County Attorney
Floresville, Texas

Dear Sir:                              Opinion No. O-135

                              Re:  Right of taxpayer to pay all
                                   taxes except wife's poll tax

        This office is in receipt of your letter of January 14
wherein you outline the following situation:

        A man who owns as his separate property a piece of real
estate, and who claims a homestead exemption, rendered his own poll
tax but not that of his wife.  Upon presenting himself to pay his
taxes he refused to pay the poll tax of his wife.  The assessor had
assessed the wife's poll tax, as well as that of the husband.

        You ask whether or not the wife's poll tax so assessed
should be collected, and whether or not the assessor made an error
by placing the assessment on the same inventory, and whether the
collector made an error in trying to collect such poll tax.

        Your letter does not advise whether the taxpayer owned
other real estate, or whether he had personal property also assess-
ed, nor does it advise whether the real estate in question was
covered in whole by the homestead exemption, or only in part.  Nor
does the question make it clear whether the collector refused to
accept payment of any taxes without the wife's poll tax was in-
cluded, or whether the collector simply insisted upon payment of
the poll tax.

        However, it would be unusual for a man having a rural
homestead not to have personal property also assessed for taxation,
and we are going to assume that he did have such property, and
that some belonged to the community.

        Article 2959, Revised Civil Statutes, provides that a poll
tax shall be collected from every person between the ages of twenty-

one (21) and sixty (60) years, and this includes women as well as men. The poll tax is not made a lien upon any land by statute, but under the authority of Article 4344, Revised Civil Statutes, it is provided that the Comptroller shall adopt such regulations not inconsistent with the constitutional laws that he may deem essential to speedy and proper assessment and collection of the revenues of the state. Section 6, Article 7260, provides that "The Comptroller shall prescribe forms to be used by the collectors of taxes, and the mode and manner of keeping and stating their accounts, and shall adopt such regulations as he may deem necessary in regard thereto. He shall enforce a strict observance of each provision of these articles."

In accordance with the above statutes, the Comptroller has at various times instructed assessors and collectors to assess each person for a poll tax upon the list of property rendered by any such person for taxes, and the tax collector has been instructed not to accept payment of property taxes from any person subject to poll tax, except in case of homestead, without collecting for the poll tax at the same time.

In the case of Steward vs. Thompson, 251 S.W. 277, Fort Worth Court of Civil Appeals, it was specifically held that such regulation promulgated by the Comptroller was a valid one, and in a mandamus action brought by J. B. Steward against the Tax Collector of Parker County to compel him to receive and receipt for all taxes except that of the wife the mandamus was refused. It does not appear whether the property there involved was separate property or community property, and it will be assumed that the property upon which Steward sought to pay the taxes was community property.

It is, therefore, our opinion that if the taxpayer you mention had community property rendered or assessed for taxation the tax collector was not bound to accept such taxes on such community property (if other than homestead) without requiring payment of the wife's poll tax at the same time.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Assistant

CRL:FC

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS