GENERAL MOTORS CORPORATION, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF LINDEN, RESPONDENTS.

Argued January 16, 1940—Decided February 23, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutor, *McDermott, Enright & Carpenter* (*James D. Carpenter*).

For the city of Linden, *Lewis Winetsky.*

BODINE, J. The writ of *certiorari* in this case brings up for review the judgment of the State Board of Tax Appeals dismissing an appeal from an assessment of personal property situate in the city of Linden for the year 1938, in the sum of $2,500,000. The personal property involved consists of furniture, fixtures, machinery, tools and equipment used in the assembly of automobiles, the parts that were to be used in the cars when assembled and the cars assembled awaiting delivery.

There was, we think, no error in dismissing the appeal on the ground that the defendant had not overcome the presumption of the validity of the assessment by the proofs introduced.

One of the witnesses testified that the tools, machinery, equipment, furniture and fixtures at the plant on the taxing day, October 1st, 1937, were of the value of $731,618. On the other hand, these items were carried on the books of the company at $2,130,611.96, representing costs less an allow-

ance of ten per cent. for depreciation. The board could hardly have accepted a valuation which would treat such personal property as of less value than prosecutor's own inventory. Nor do we feel that after six months of use the conveyors, and other machinery, would only have a salvage value.

Further, we do not think that the board would have been justified in taking for assessment purposes the average of book values of materials on hand in the manner suggested by the expert. The books of the concern showed that the company always had on hand sufficient parts for assembly to secure an operation for at least a five-day period, and that such materials had a book value of at least $395,815. Further, the proofs show that the company had on hand a daily average of 357 cars, having an approximate value of $218,598.

Clearly, the assessment as made was not excessive by reason of the evidence adduced. The validity thereof was demonstrated by the actual facts adduced from the witnesses called by the prosecutor and from the books of the concern. For the board to have arrived at a different result it would have been obliged to substitute for the facts the conclusions of witnesses called by the prosecutor. All the matters urged for a reversal have been carefully considered.

The judgment of the State Board of Tax Appeals will be affirmed and the writ will be dismissed, with costs.