NEW JERSEY BELL TELEPHONE COMPANY, respondent,

*v.*

THE CITY OF NEWARK et al., appellants.

[Argued February term, 1945. Decided May 15th, 1945.]

*Mr. Philip J. Schotland* and *Joseph A. Ward,* for the appellants.

*Messrs. Harrison & Roche & Darby (Mr. Thomas Glynn Walker* and *Mr. Robert F. Darby,* of counsel), for the respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal in this case is from an order denying a motion to dismiss a bill of complaint. The reason given for the action below is to be found in the opinion reported in *134 N. J. Eq. 581.* The case involves personal property taxes of the New Jersey Bell Telephone Company for the year 1935. The objection to the assessment in question was litigated in all the tribunals created for that purpose.

The Supreme Court on *certiorari* affirmed the judgment of the State Board, *118 N. J. Law 490.* Its action was affirmed by us in *124 N. J. Law 451.*

While the case was pending on appeal the following action was taken. The Director of Revenue and Finance of the City of Newark, after negotiating with the Telephone Com-

pany, revised the tax and fixed an amount to be accepted by the city in full satisfaction. This amount was promptly paid and the tax record was canceled. The action was taken by the director upon the supposed authority of *R. S. 54:4–97* and *98*. But in May, 1940, the City Commission believing that the director had acted without authority instructed him and the Board of Assessment and Revision of Taxes to correct the record so as to show the tax as assessed was still due. In January of the present year, a personal tax arrears warrant issued and a levy was made on property of the company, which then went into the Court of Chancery praying that the city and its agents be enjoined from proceeding under the levy because of the compromise. The city moved to dismiss the bill on the ground that the bill showed no cause of action.

As we have seen that motion was denied and in this there was error.

We think the statute authorizing the compromise of the tax in question was an unconstitutional exercise of power.

*R. S. 54:4–97* lays down no norm or standard for the revision, alteration, adjustment or settlement of the taxes in question. Article 4, section 7, paragraph 12 of the State Constitution provides that taxes shall be assessed under general laws and by uniform rules according to true value. Obviously, a statute which permits the board having control of the finances of a city to review and alter unpaid taxes without laying down any standard of action nullifies the constitutional provision as to uniformity and generality. It also offends article 1, paragraph 20 of the State Constitution, in that it in reality effects a donation of money. *Wilentz* v. *Hendrickson, 135 N. J. Eq. 244.*

*R. S. 54:4–100* is as follows: "No abatement of the principal sum of any such taxes, assessments or other municipal charges shall be made unless the governing body shall be satisfied that the market value of the property in question upon or against which such taxes, assessments or other charges have been levied, is less than such principal sum, or unless such governing body shall be satisfied that the taxes, assessments or other municipal charges are illegal in whole, or in part, or unless the proceedings taken to levy or enforce them

are contrary to law." This act fixes a sound criterion for the adjustment of taxes and was the only constitutional statute applicable to the subject in question.

There is no allegation in the bill that the market value of the property was less than the proposed settlement. Besides, it was not in fact. Nor is there any allegation that the taxes were illegal and besides that question, as we have seen, was settled to the contrary. Nor is there any allegation that the proceedings instituted to enforce the collection of the taxes were contrary to law.

The granting of relief to the end that the alleged compromise might become effective was improper. See *Murphy* v. *West New York, 132 N. J. Law 111; Wilentz* v. *Hendrickson, supra.*

The order under appeal is reversed to the end that the bill may be dismissed, with costs.

*For affirmance*—PARKER, CASE, DONGES, WELLS, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, BODINE, HEHER, PERSKIE, COLIE, RAFFERTY, DILL, JJ. 7.