CONSOLIDATED CIGAR CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, RELATOR, v. GEORGE E. BRUNNER, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE OF THE CITY OF CAMDEN, RESPONDENT.

Submitted October 2, 1941—Decided May 19, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the relator, *Henry S. Ross* (*J. Norman Brierly,* of counsel).

For the respondent, *John L. Morrissey* (*Norman Heine,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This cause is before us on the return of a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue. Relator, Consolidated Cigar Corporation, a corporation of the State of Delaware, seeks to compel respondent, George E. Brunner, director of the Department of Revenue and Finance of the City of Camden,

to reduce the assessment on its personal property for the year of 1943 to the sum of $100,000, pursuant to its asserted agreement with respondent on December 9th, 1942.

The facts are substantially as follows: For the tax year of 1942 a local assessment was levied on the personal property of the relator in the sum of $500,000. On appeal to the Camden County Board of Taxation, on the ground that the value of the property was $45,000, the assessment levied was reduced to $135,000. As the result of negotiations further to reduce the assessment, it was agreed between the parties, on December 9th, 1942, that the assessment for the year of 1942 should be reduced to $100,000, and that the property should be assessed for the same amount for the year of 1943. To effect the agreement, for the year of 1942, relator appealed to the State Board of Tax Appeals where the assessment was, by consent of the parties, reduced to $100,000.

Contrary to its admitted undertaking, respondent caused an assessment of $135,000 to be levied on relator's personal property for the year of 1943. Its explanation is that the relator failed to follow the suggested procedure (appeal) which had been followed anent the 1942 reduction. Relator deemed such procedure unnecessary in light of its stated agreement with respondent. The written confirmation (December 30th, 1942) of that agreement by the president of the Local Board of Commissioners of Assessment is silent as to the taking of an appeal by relator for the 1943 reduction.

Conceding, in the view we take of this case, that relator correctly states its agreement with respondent, nevertheless, relator has failed to establish its clear right to the writ of *mandamus* as a matter of law. *Cf. Eastern Boulevard Corp.* v. *West New York,* 124 *N. J. L.* 345, and cases collated at pages 346, 347; 11 *Atl. Rep.* (*2d*) 832. It neither resorted to nor exhausted the statutory tribunals to review the assessment. *R. S.* 54:3–21, *et seq. Cf. Rosen* v. *Paterson,* 14 *N. J. Mis. R.* 655; 186 *Atl. Rep.* 584; *Phi Zeta Fraternity* v. *New Brunswick,* 123 *N. J. L.* 237; 8 *Atl. Rep.* (*2d*) 553.

We know of no law which authorizes the Director of Revenue and Finance of the City of Camden to substitute himself for those who in law are charged with the duty of assessing

the value of property for taxes. We further know of no authority on the part of either the Director of Revenue and Finance of the City of Camden or the president of the Board of Commissioners of Assessment of that city to bargain away the state constitutional provision that "property shall be assessed for taxes under general laws, and by uniform rules, according to its true value." (Article IV, section vii, paragraph 12, State Constitution.)

The proofs fail to satisfy the provisions of *R. S.* 54:4–100 which are controlling. The agreement of December 9th, 1942, is, therefore, without legal efficacy. *Cf. Murphy* v. *West New York,* 132 *N. J. L.* 111; 39 *Atl. Rep.* (*2d*) 38; *Wilentz* v. *Hendrickson,* 135 *N. J. Eq.* 244; 38 *Atl. Rep.* (*2d*) 199; *New Jersey Bell Telephone Co.* v. *City of Newark,* 136 *N. J. Eq.* 479, reversing same case reported in 134 *N. J. Eq.* 581; 37 *Atl. Rep.* (*2d*) 103.

The rule to show cause is accordingly dismissed, with costs.