45 N.J. Super. 143 (1957)
131 A.2d 792
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A TAXING DISTRICT OF THE STATE OF NEW JERSEY, APPELLANT,
v.
OTTO VENINO, JR., AND DIVISION OF TAX APPEALS IN THE DEPARTMENT OF THE TREASURY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1957.
Decided May 7, 1957.
*145 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Nicholas S. Schloeder argued the cause for appellant.
Mr. Thomas M. Venino argued the cause for respondent Otto Venino, Jr.
*146 The opinion of the court was delivered by FRANCIS, J.A.D.
The Township of North Bergen assessed a parcel of land owned by Otto Venino, Jr., at $18,600 for the year 1955. On appeal the Hudson County Board of Taxation sustained the assessment and further review was pursued in the Division of Tax Appeals. At the hearing there the only testimony adduced by the parties related to the true value of the property. The taxpayer's expert valued it at $10,000, while the proof of the municipality fixed true value at $18,600. After reviewing the evidence, the commissioners composing the panel concluded that the assessment was not in excess of true value and that the order of the county board in that respect should be sustained. However, finding that the petition of appeal charged discrimination, they took official notice of the final 1955 equalization table for Hudson County as promulgated by the Division of Tax Appeals, N.J.S.A. 54:3-17, 54:2-37, and of the table of equalized valuations issued by the Director of the Division of Taxation in connection with the apportionment of school aid, N.J.S.A. 54:1-35.1 et seq. More specifically, notice was taken that in the former the ratio of assessments to true value in North Bergen appeared as 53.12%, and in the latter as 52.63%. On the basis of these ratios alone, the Division decided that assessment of the taxpayer at true value constituted discrimination and therefore reduced the valuation to 53% thereof or $9,900. This appeal assails the legal propriety of the order.
At the outset of its argument the municipality questions whether the petition of appeal to the Division raises the issue of discrimination. It is true that the language employed therein is general and somewhat ambiguous, but coupled with the taxpayer's statements at the hearing it seems sufficient to justify consideration of the problem. However, for guidance of the bar, attention is called to the need for a proper claim of discrimination, Cleff Realty Co. v. Jersey City, 41 N.J. Super. 465 (App. Div.), certification denied 23 N.J. 58 (1956), and to a form of allegation thereof which was considered adequate in Gibraltar Corrugated *147 Paper Co. v. North Bergen Twp., 20 N.J. 213, 217 (1955). The current tax ferment makes fair notice to the municipal authorities a reasonable necessity.
This brings us to a consideration of the merits of the appeal. May the tables described be used as the sole reason for a finding of discrimination? And, where such tables are offered or used as the sole means of demonstrating discrimination against an individual property owner, may the average ratio of assessment to true value as shown therein be applied to the actual true value of the individual parcel of realty in order to achieve equality and eliminate discrimination? The answers to these questions must be in the negative. Such treatment fails to take cognizance of the essential difference between the concepts of average ratio of assessment to true value for equalization table purposes and common ratio of assessment. The average ratio achieved in the statutory equalization process is the arithmetical mean of the varying percentages of true value applied by the local assessor in assessing properties in the taxing district. A common ratio signifies that the same standard or percentage of value is used in assessing each property in the district. If the same standard or common ratio were applied uniformly in all municipalities throughout the State, there would be no need for equalization tables (assuming, of course, that true value was ascertained honestly and in good faith), for then there would be no discrimination. Obviously, therefore, application of the average ratio, ascertained for purposes of equalizing the county tax burden among municipalities or for purposes of allocation of school aid, cannot bring about equality of tax burden among individual property owners within a given municipality. A common level of individual assessment cannot be achieved by that means alone. Switz v. Middletown Twp., 23 N.J. 580, 593, 594, 596 (1957); Delaware, L. & W.R.R. v. Neeld, 23 N.J. 561, 572-574 (1957). This is not to say that such tables are not admissible in discrimination cases. In company with other competent evidence of unequal treatment of an individual property owner, they may bring the sum total *148 of the proof to the probative force necessary to demonstrate discrimination.
In the present case, as already indicated, the only proof offered showed a conflict of opinion as to true value. The record reveals neither discussion of, nor reference to, the equalization tables at the hearing. (Note the practice outlined in City of Passaic v. Passaic County Bd. of Taxation, 18 N.J. 371, 396 (1955), with respect to their use in county equalization table proceedings.) Counsel for the taxpayer at the oral argument advised us that he wished to stand on the record as it now appears and to rely on the right of the Division to reduce an assessment by reference to the table ratios alone.
Under the circumstances, the order is reversed and the municipal assessment is reinstated.

 LAW DIVISION. 153
 -----------------------------------------------------------------
 45 N.J. Super. Roesch v. Ferber.
 -----------------------------------------------------------------

never intended that this should be the lot of a person arrested for a traffic offense.
The only justification for the claim of the defendant lies in the wording of R.S. 53:1-14 which states that wardens, jailers or keepers of workhouses, jails, reformatories and other penal institutions shall furnish photographs and fingerprints of all prisoners confined to the institution. This must be read together with sections 13 and 15 of the same statute and may be of persons arrested or confined for indictable offenses.
The court has no control over federal authorities or the state authorities not receiving notice of this action. Judgment will be rendered in favor of the plaintiff, ordering the Sheriff of Bergen County to return to the plaintiff his fingerprint records, photographs and measurements, if any, for the purpose of destruction of the same.
There shall be no costs.