59 N.J. Super. 537 (1960)
158 A.2d 205
CITY OF PASSAIC, A MUNICIPAL CORPORATION, PETITIONER-APPELLANT,
v.
BOTANY MILLS, INC., RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1960.
Decided February 11, 1960.
*539 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. William N. Gurtman argued the cause for petitioner-appellant.
Mr. Nicholas Martini argued the cause for respondent-respondent.
The opinion of the court was delivered by CONFORD, J.A.D.
The City of Passaic appeals from a judgment of the Division of Tax Appeals in the State Department of the Treasury, which affirmed judgments of the Passaic County Board of Taxation reducing personal property tax assessments of Botany Mills, Inc. for the tax years 1955 and 1956. That concern was engaged in the manufacture and distribution of woolens and worsteds in Passaic.
Passaic's assessors assessed the personal property of the taxpayer at $2,150,000 and $1,450,000 for the respective tax *540 years, 1955 and 1956. On appeal the county board reduced the assessments to $1,333,600 for 1955 and $1,040,642 for 1956. The appeals having been heard de novo before the State Division we have only the transcript of proceedings there, not the record of what transpired before the county board.
Passaic's appeal to the Division of Tax Appeals was heard before a panel of two of its members. The city proved the recent previous assessment history of Botany's personalty as being the following:

 1949-1951, incl. ....................... $2,400,000
 1952 ................................... 2,450,000
 1953 and 1954 .......................... 2,350,000

The city then called Alfred J. Greene, Jr., an assessor of the city when the assessments in question were made. He testified that he and two associates visited and inspected Botany's plant in December 1953 in preparation for the making of its 1954 personal property assessment, and discussed the value of the property with Mr. Shaddock, president of the company. The latter "revealed values" of the "prior year" of "approximately $25 million" and "currently approximately $21 million."
In preparation for the making of the 1955 assessment Mr. Greene conferred with a Mr. Gerlack, the then designated representative of Botany for that purpose, in November or December 1954. Mr. Gerlack could not give the current values, as such, but told Mr. Greene and his associates that there had been a reduction of approximately 10% from the valuations of the prior year, "or somewhere around $19 million," on the basis of Mr. Shaddock's 1953 estimate of $21 million.
A discussion with Mr. Gerlack in 1955 preparatory to fixing the 1956 assessment, together with other information, "developed that the values had been reduced by approximately one-third."
*541 A Mr. Galik, associated with the assessing department of the city, who had accompanied Mr. Greene on each of the inspection visits and participated in the conferences referred to by him, substantially corroborated the latter's testimony as to the admissions of value of the personal property by the taxpayer's representatives. Galik also gave detailed results of an examination made by him of the operational status of each of the manufacturing departments of the company for year-end 1955, as compared with the previous year. Some of the operations had ceased by then. Substantially all manufacturing operations terminated some time during the calendar year 1956.
The city further proved that it mailed forms to the taxpayer for specification under oath of its taxable personal property for each of the applicable tax years and that these were not filled out and returned by the company.
The city offered no other proofs in support of its appeals, the taxpayer none in refutation. Instead, the taxpayer moved to dismiss the appeals on the ground that the city had "failed to sustain the burden imposed by law to override the judgment of the County Tax Board." The panel reserved decision on the motion. Thereafter it reported to the Division its finding that the city had "failed to produce sufficient evidence to disturb the judgment below," primarily for the reason that the city's witnesses had made no evaluation of the property nor professed any qualifications therefor. It recommended a dismissal of the appeals, and that recommendation was adopted by the Division, concordant judgments being entered in due course.
Tangible personal property is generally assessable at its true value as of the prior October first by the taxing district wherein situated. N.J.S.A. 54:4-1, 54:4-9. Personal property consisting of stocks in trade and materials used in manufacturing is assessable at the "average of such personalty" during the twelve months preceding the assessing date or the portion thereof that the property was in the possession of the taxpayer. R.S. 54:4-11.
*542 While it was clear that the city did not profess to assess Botany's personal property at anything approaching true value, it took the position, both by its assessors and counsel, that it did not employ any common or uniform ratio of assessment (below full true value) for personal property, either as to this taxpayer or generally. The taxpayer did not argue or contend to the contrary, nor is any issue relating thereto raised on this appeal. Nevertheless, the parties stipulated that the Division might fix its judgment at 20% of such true value as the Division might find. This stipulation was a nullity. The city and the taxpayer are not at liberty to stipulate for assessments contrary to the lawful standard, whatever that may be. See Consolidated Cigar Corp. v. Brunner, 133 N.J.L. 77 (Sup. Ct. 1945); N.J. Bell Telephone Co. v. City of Newark, 136 N.J. Eq. 479 (E. & A. 1945). The Division of Tax Appeals may not be guided by any standard other than the statutory criterion of true value in determining tax appeals except where the taxpayer, alleging discrimination, proves the existence and general use by the assessors of a particular common level or ratio of value for the kind of property in question and the subjection of the property of the appealing taxpayer to a discriminatory assessment above that level. Gibraltar Corrugated Paper Co. v. North Bergen Tp., 20 N.J. 213 (1955); Jat Company, Inc. v. Division of Tax Appeals, 47 N.J. Super. 571 (App. Div. 1957), certification denied 27 N.J. 278 (1958); and see In the Matter of the Appeals of Kents 2124 Atlantic Ave., Inc., 31 N.J. 266 (1959). As this is here neither charged nor shown, the determination of this appeal must be founded upon the predicate that the Division was controlled by the statutory standard of full true value in dealing with the appeals before it.
We are thus brought to consideration of the question as to whether the proofs adduced by the city before the Division were sufficient to withstand the motion to dismiss its appeals. There is a presumption of correctness of a *543 municipal tax assessment, and this extends to the judgment of the county board of taxation affirming an assessment on appeal. Meltzer v. Division of Tax Appeals, 134 N.J.L. 510 (Sup. Ct. 1946). "But it is the settled rule that this presumption is not in itself evidence, and its legal procedural consequences vanish in the face of substantial and trustworthy evidence contra that goes uncontradicted." Ibid. (134 N.J.L., at page 512.) In a case where the court was considering the sufficiency of evidence adduced by a taxing district on an appeal to the Division from a reduction of an assessment by the county board of taxation it stated the rule as follows: "The weight of the presumption so accorded the assessment or judgment of the county board is overcome where, on the hearing de novo on appeal, the appellate tribunal is presented with sufficient competent evidence to determine the true valuation of the property." Riverview Gardens Section One v. North Arlington Borough, 9 N.J. 167, 175 (1952). Taking the two statements just quoted, together, a complete and theoretically justifiable general standard is set forth for appraising the sufficiency of the proof adduced on appeal to the Division of Tax Appeals to meet the presumption of correctness of a county board appellate judgment. In principle, we think that rule should apply whether it is the taxpayer or the taxing district which is the appellant before the Division. In the case before us, our holding extends only to the situation presented, i.e., a taxing district appellant.
However, it has been contended that recent statements in the cases indicate that the appellant's evidence before the Division must be "definite, positive and certain in quality and quantity," or words of similar import. See In re Kresge-Newark, Inc., 30 N.J. Super. 489, 495 (App. Div. 1954); North Bergen Tp. v. Dieckmann's Estate, 37 N.J. Super. 221, 223 (App. Div. 1955); City of Passaic v. Gera Mills, 55 N.J. Super. 73, 88-9 (App. Div. 1959). These are all traceable to a statement in Aetna Life Insurance Co. v. City of Newark, 10 N.J. 99, 105 (1952), made in the *544 particular context of a discussion of the burden generally falling upon a taxpayer who seeks to upset an assessment as excessive or illegal, and citing as authority Central R.R. Co. of N.J. v. State Tax Dept., 112 N.J.L. 5, 8 (E. & A. 1933). That was a case in which a railroad company taxpayer was challenging the effect in a constitutional sense of the subjection of its Class I, III and IV railroad-use property to the then statutory average tax rate where the latter was allegedly inflated by discriminatory under-assessment of non-railroad locally assessed property throughout the State. It was in connection with the burden of proving that charge that the Court of Errors and Appeals in the Central R.R. Co. case, supra, said the company's proof was not "sufficiently definite, positive, or certain in quality or quantity to overcome the presumption of the correctness of the assessments made," also citing Estell v. Hawkens, 50 N.J.L. 122, 125 (Sup. Ct. 1887) (attack upon a tax valuation in certiorari of a tax sale warrant).
It would be particularly unwarranted to impose upon a taxing district appealing a county board personalty assessment reduction a more onerous probative burden than that stated in the Meltzer and Riverside Gardens cases, supra, where the taxpayer has refused, on request, as here, to furnish the assessor with the statutory tax information form duly executed. N.J.S.A. 54:4-12. In such case the assessor is directed to assess the personal property "at the highest value he has reason to suppose it may be placed." R.S. 54:4-13. While the refusal of a taxpayer to give the sworn information requested does not preclude its right to appeal the assessment as exceeding true value, see State, Young, pros. v. Parker, Receiver, 34 N.J.L. 49, 52 (Sup. Ct. 1869), nevertheless the circumstance of such refusal in the present case fortifies the reasonableness of here applying the view that upon Passaic's appeal of the county board assessment reductions to the state Division, it should not have been subjected to a burden of proof more exacting than that generally imposed upon the adverse party in the case of a *545 non-evidential presumption  the procedural posture held applicable in this context by Mr. Justice Heher in the Meltzer case, supra. This general view also accords with the consideration that the Division of Tax Appeals is presumably as expert as the county tax boards, and, as the higher administrative agency, should be free to supplant an adjudication of value by the latter if satisfied to that end by a preponderance of what it deems the worthier proofs. In the present case, however, the Division never reached the merits of the assessments.
We thus pass to the question as to whether the proofs of the city in this case can be properly considered to have been "substantial and trustworthy" (Meltzer, supra), absent any countervailing evidence, on the issue of whether the assessments as originally fixed exceeded the true value of Botany's personal property for each of the years in question, as of the pertinent assessing dates and periods. Cf. General Motors Corp. v. State Board of Tax Appeals, 124 N.J.L. 212 (Sup. Ct. 1940), affirmed 125 N.J.L. 574, 578 (E. & A. 1940). Concededly the city offered no expert testimony as to the true value of all of the company's tangible personalty, which apparently included machinery and equipment of many kinds and stocks in trade and in process of manufacture in various degrees of completion. The difficulty of accurate assemblage by a municipality of such information and of procuring witnesses equipped and qualified to adduce it in a tax appeal proceeding is obvious, even considering the assessor's subpoena powers under N.J.S.A. 54:4-16. However, as seen above, the city did adduce testimony of admissions by authorized representatives of the taxpayer of its possession of personalty of a value of approximately nine or ten times the assessed value thereof at about the respective assessing dates and periods. Were the discrepancy less, one might entertain some doubt as to the substantiality and trustworthiness of the proofs in relation to the critical issue. But it can hardly be doubted that an undenied admission by the taxpayer of possession of some *546 $19,000,000 worth of personal property is substantial evidence that an assessment of a little over $2,000,000 is not excessive, the applicable standard being true or market value (and similarly as to a comparison of $12,500,000 with $1,500,000). Admissions of value of property by its owner have been held competent evidence of its value for various purposes. Estell v. Hawkens, supra (50 N.J.L., at page 126) (a tax case); see also Second National Bank & Trust Co. v. State Board of Tax Appeals, 114 N.J.L. 573 (Sup. Ct. 1935) (statement by bank of value of assets held evidential as to value of bank stock); San Diego Land & T. Co. v. Jasper, 189 U.S. 439, 443, 23 S.Ct. 571, 47 L.Ed. 892 (1903) (rate case); Manning v. City of Lowell, 173 Mass. 100, 53 N.E. 160 (Sup. Jud. Ct. 1899); McCandless v. United States, 74 F.2d 596 (9 Cir. 1935); United States v. First Nat. Bank, 250 Fed. 299 (D.C. Ala. 1918); Medrano v. City of El Paso, 231 S.W.2d 514 (Tex. Civ. App. 1950) (all condemnation cases).
On the proofs adduced before the Division by the city there was sufficient evidence in relation to the validity of the original assessments, as not exceeding the true value of the property assessed, to have required the taxpayer to come forward with countervailing proof, and it was error to grant the motion to dismiss the city's appeals.
The cases will be remanded to the Division of Tax Appeals for rehearing and determination consistently with this opinion.
Reversed and remanded.