72 N.J. Super. 449 (1962)
178 A.2d 657
CITY OF PASSAIC, A MUNICIPAL CORPORATION, PETITIONER-APPELLANT,
v.
BOTANY MILLS, INC., RESPONDENT-RESPONDENT AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, RESPONDENT. [1955 AND 1956 ASSESSMENTS]
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1962.
Decided February 26, 1962.
*451 Before Judges FREUND, FOLEY and SULLIVAN.
*452 Mr. William N. Gurtman argued the cause for appellant (Mr. Martin Klughaupt, of counsel).
Mr. Nicholas Martini argued the cause for respondent Botany Mills, Inc.
Mr. David D. Furman, Attorney General of New Jersey, attorney for respondent Division of Tax Appeals (Mr. Alan S. Handler, Deputy Attorney General, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
The City of Passaic appeals from judgments entered by the Division of Tax Appeals affirming judgments of the Passaic County Board of Taxation reducing the assessments on the personal property of Botany Mills, Inc. for the years 1955 and 1956.
The background of this appeal is as follows. The original assessment for 1955 was $2,150,000 and for 1956 was $1,450,000. The county board reduced the assessments for 1955 to $1,333,600 and for 1956 to $1,042,642. Botany then appealed to the Division, claiming that both assessments were in excess of true value, discriminatory, arbitrary, and not made in accordance with the same level and standard of value applied to other types of property in the same taxing district. The taxpayer therefore urged that both assessments be further reduced. Passaic appealed to have the reduced assessments increased to their original amounts. The Division affirmed the county board judgments by dismissing the city's appeal. An appeal was taken to the Appellate Division. R.R. 4:88-8(a).
The opinion in that appeal is reported in City of Passaic v. Botany Mills, Inc., 59 N.J. Super. 537 (App. Div. 1960). The court found that Passaic had neither assessed Botany's property at true value nor in accordance with any common or uniform ratio of assessment below true value, either as to Botany's property or generally. An attempted stipulation between the parties that any Division judgment might *453 be fixed at 20% of such true value was held to be a nullity. Since a common ratio was not indicated by the evidence, the court determined the appeal "upon the predicate that the Division was controlled by the statutory standard of full true value in dealing with the appeals before it." So viewed, the evidence presented by Passaic was sufficient to indicate it had not assessed Botany's personalty in excess of the property's true value. The Division's dismissal of the city's appeal was held to be error and both cases were remanded for rehearing and redetermination consistent with that opinion.
On June 7 and 14, 1960 the rehearings were conducted before a Division commissioner, and testimony was presented by both parties. The testimony in Passaic v. Weston Biscuit Company, Inc., Dkt. No. A-880-60, pending before the Division, was also made applicable to this cause by stipulation. On June 28, 1961 a report was filed by the commissioner recommending that both appeals be dismissed. The Division unanimously adopted that report as its own and appropriate judgments of dismissal were entered.
Passaic alone appeals from these judgments. Briefs were filed on behalf of the municipality and the taxpayer. The Attorney General, on behalf of the Division of Tax Appeals, filed a statement in lieu of brief in which he agrees with the reasons and arguments set forth in the taxpayer's brief. R.R. 1:7-4(b), made applicable to the Appellate Division by R.R. 2:7-1.
Preliminarily, we must direct attention to the limited extent of our scope of review. Since this is an appeal from a state administrative agency, the matter cannot be subjected to the same close and technical scrutiny as is frequently applied in reviewing the judgment of a judicial tribunal. Middleton v. Div., etc., Dept. of Banking & Insurance, 39 N.J. Super. 214, 219 (App. Div. 1956). Where the subject is debatable, the agency determination will be sustained. Ordinarily, we will not resolve the conflicting evidence unless the evidence plainly demonstrates that the *454 administrative body has acted arbitrarily. United Hunters Association of New Jersey, Inc. v. Adams, 36 N.J. 288, 292 (1962); In re Public Service Electric and Gas Co., 35 N.J. 358, 376 (1961); Freud v. Davis, 64 N.J. Super. 242, 246 (App. Div. 1960). Where the findings of the Division are supported by substantial evidence, we have consistently refused to disturb the judgment on factual grounds. The Division, in our tax system, occupies a unique position for the determination of disputed questions of fact. Passaic v. Gera Mills, 55 N.J. Super. 73, 91-2 (App. Div.), certif. denied 30 N.J. 153 (1959); Davis, Administrative Law (1951), §§ 244, 254, pp. 868, 914.
While there is a presumption in favor of the original assessment, a similar presumption attaches to the judgment of the county tax board on appeal to the Division. This latter presumption stands until the county board determination is shown to be erroneous by sufficient competent evidence to the contrary. City of Passaic v. Botany Mills, Inc., supra (59 N.J. Super., at p. 543); Riverview Gardens v. North Arlington Borough, 9 N.J. 167, 175 (1952); and see Meltzer v. Division of Tax Appeals, 134 N.J.L. 510, 512 (Sup. Ct. 1946). Moreover, the city as appellant before the Division, had the burden of ultimate persuasion to upset the county tax board judgment. Riverview Gardens v. North Arlington Borough, supra (9 N.J., at p. 175); Passaic v. Gera Mills, supra (55 N.J. Super., at pp. 88-9); Passaic v. Passaic Pioneer Properties Co., 55 N.J. Super. 94, 101 (App. Div. 1959).
At the original hearing, on June 16, 1959, before a panel of two members of the Division, Alfred J. Greene, the city tax assessor for 1955 and 1956, testified that in December 1953 he and three other assessors visited the Botany plant for the purpose of making an inspection in preparation for the 1954 personal property assessment. They discussed the value of the property with Mr. Shaddock, then president of Botany. Mr. Greene testified that Shaddock indicated that "the previous values of the prior year *455 were approximately $25 million, and were currently $21 million." Albert R. Galik, the chief assessing clerk, generally corroborated the admissions claimed to have been made by Shaddock.
On the prior appeal (59 N.J. Super. 537) we directed that the taxpayer was to submit countervailing proof at a rehearing before the Division. Accordingly, at the hearing of June 7, 1960 Shaddock categorically denied the statements attributed to him by the assessors about valuation. Harry J. Gerlach, employed as a consultant by Botany, testified he was present at the time of the alleged conversation and denied that Shaddock disclosed any valuation of personal property to the city representatives.
Mr. Greene conceded that the 1955 assessment was made by a comparison of history of the prior assessments and a brief inspection. He conceded that he did not prepare an inventory of the textile products or of the machinery, nor did he have any personal knowledge of their value.
From the evidence, the Division concluded that proof of the alleged statements made by Mr. Shaddock was at best casual, uncertain and vague.
The Division accepted the testimony of a qualified expert and dealer in machinery that the machinery and equipment was at "least 50 years old" and "very obsolete," and was disposed of mostly as scrap. In October 1955 he negotiated and purchased the machinery and equipment for $595,000. However, the appeal of Botany from the county tax board judgment in which the taxpayer claimed that the value of its inventories was over-assessed was dismissed because its supporting proofs were unconvincing.
There is no need to review in any further detail the proofs presented to the Division on the rehearing. Suffice it to say that the issue of true value of Botany Mills' personalty for the two taxable years was highly disputed. To resolve this issue the Division was required principally to evaluate the credibility of the various witnesses. The choice of accepting or rejecting the testimony of witnesses *456 rests with the administrative agency. Since it was reasonable, in the light of all the proofs, for the Division to have accepted the taxpayer's evidence as adequate on the issue of true value, we will sustain that finding. Freud v. Davis, supra (64 N.J. Super., at pp. 246-7). We cannot say, from our review of the proofs, that Passaic has discharged its burden of ultimate persuasion. Insofar, then, as the factual grounds of the Division judgments are concerned, we are convinced that they were adequately supported by substantial evidence and will not be disturbed.
The legal issues are not as clearly defined and settled. At the time these assessments were levied, the Legislature had directed that:
"All property real and personal within the jurisdiction of this State not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. * * *" L. 1947, c. 413, § 14, p. 1287, N.J.S.A. 54:4-1.
But it is common knowledge that the legislative direction to assess all property at true value has long been the subject of widespread abuse by local assessors. In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21, 30 (1961); Switz v. Middletown Twp., 23 N.J. 580, 587 (1957). As to personalty in particular, Chief Justice Weintraub, then a Justice, observed in his concurring opinion in Switz:
"The treatment of personal property has been too variant to admit of categorical statement beyond the notorious fact that because of like considerations and the inherent difficulty of ascertaining its quantum and value, even the kind of uniformity found in the case of real property is absent in the assessment of personal property, both within that class and in relation to the treatment of real property." (23 N.J., at p. 600.)
A partial solution to the true value problem has been to determine whether the property in question was assessed according to a common ratio of value, making for *457 equality and uniformity within a taxing district. Baldwin Const. Co. v. Essex County Board of Taxation, 16 N.J. 329, 338 (1954). The common ratio signifies that the same standard or percentage of value is used in assessing each property in the district. Jat Company, Inc. v. Division of Tax Appeals, 47 N.J. Super. 571, 581 (App. Div. 1957), certif. denied 27 N.J. 278 (1958); North Bergen Twp. v. Venino, 45 N.J. Super. 143, 147 (App. Div. 1957). It should not be confused with the average ratio achieved under the statutory equalization process. N.J.S.A. 54:1-35.1. The application of the average ratio is only "the arithmetical mean of the varying percentages of true value applied by the local assessor in assessing properties in the taxing district." Jat Company, Inc. v. Division of Tax Appeals, supra (47 N.J. Super., at p. 581); North Bergen Twp. v. Venino, supra (45 N.J. Super., at p. 147).
Ordinarily, the average ratio has substantial limitations in bringing assessments up to full true value. In given circumstances, however, the average ratio should be denied sufficient evidence of the level to which reduction of an assessment should be granted. In re Appeals of Kents 2124 Atlantic Ave., Inc., supra (34 N.J., at p. 31). The general rule remains that the Division may not be guided by any standard other than true value in determining tax appeals "except where the taxpayer, alleging discrimination, proves the existence and general use by the assessors of a particular common level or ratio of value for the kind of property in question and the subjection of the property of the appealing taxpayer to a discriminatory assessment above that level." City of Passaic v. Botany Mills, Inc., supra (59 N.J. Super., at p. 542). The Division determined that there was no common level of assessment for personal property in Passaic for the years 1955 and 1956. However, it did find that Passaic had effected a revaluation of all real property in the year 1953 and thereafter admittedly applied a ratio of 40% to its findings of true value of realty. The Division also found that the average ratio *458 between sales and assessments as shown by the study of the State Director of Taxation for 1955 was 37.95%, and for 1956 was 38.39%. N.J.S.A. 54:1-35.1.
Since the Division found no common level of assessment for personalty in the taxable years, it made a finding, relying in part upon the Kents case, that both from the application of the average sales ratio study of the Director of Taxation and the level of assessments used by Passaic in the taxation of realty, Botany's personal property should only be assessed at 40% of its true value.
The Kents case held that where there is no common level for any class of real property and assessors disavow any effort to achieve one, "the average ratio should be deemed sufficient evidence of the level to which reductions should be granted" (34 N.J., at p. 31), and in the absence of a common valuation, the average ratio may "be fairly used to evidence a ratio to which an individual assessment substantially above it should be reduced." (34 N.J., at p. 28). Since there was no common level for personalty in the instant cause and since the difference between real and personal property in this taxing area is so minimal, we are persuaded that it was proper to apply the Kents holding to the assessment of Botany's personal property.
Both the foregoing and the Division's additional application of the real property 40% ratio to personalty are supported by reason and policy. The applicable statute to define the property subject to taxation was L. 1947, c. 413, § 14 (formerly R.S. 54:4-1). It did not direct that any distinctions be made between classes of taxable property. All property was to be taxed at true value. The Constitution itself provides that property shall be assessed by uniform rules. N.J. Const. 1947, Art. VIII, § I, par. 1. We are especially influenced in reaching this decision by the following language in the Switz opinion:
"And the local authorities are admonished that the current assessment statutes, ante, place real and personal property in the one category, to be assessed at `true value.' The assessment of real *459 property at full value and tangible personal property at less would violate the statutory rule of equality." Switz v. Middletown Twp., supra, (23 N.J., at p. 599)
The spirit of our taxing statutes demands equal treatment for all taxpayers. In our opinion the judgments under review should be affirmed, without costs.